# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# JACKSON DIVISION

**R&S MOTEL, INC. d/b/a LEXINGTON INN**
**and AFFORDABLE CONSTRUCTION**
**SERVICES, INC. as Assignee,**

      **Plaintiffs,**

VS.                                                                            **CASE NO.:**
                                                                                                  **JURY DEMANDED**

**ENDURANCE AMERICAN SPECIALTY**
**INSURANCE COMPANY and SOMPO**
**INTERNATIONAL COMPANIES,**

      **Defendants.**

## COMPLAINT

COMES NOW Plaintiffs R&S Motel, Inc. d/b/a Lexington Inn (hereinafter referred to as "Plaintiff") and Affordable Construction Services, Inc. (hereinafter referred to as "Assignee") and would respectfully state to this Honorable Court as follows:

### PARTIES

1. R&S Motel, Inc. is a Tennessee corporation doing business as Lexington Inn and is located at 799 West Church Street, Lexington, Tennessee 38351.

2. Affordable Construction Services, Inc. is a Tennessee Corporation that is in the business of restoring and repairing both commercial and residential structures in the state of Tennessee.

3. Endurance American Specialty Insurance Company (hereinafter referred to as "Defendants") is an insurance company conducting business in the state of Tennessee with its principle place of business located at 3333 New Hyde Park Road, Ste. 210, New Hyde Park, NY

11042. Endurance American Specialty Insurance Company can be served through the Commissioner of Insurance.

4. Sompo International Insurance (hereinafter referred to as "Defendants) is an insurance company who is responsible for handling claims on behalf of Endurance American Specialty Insurance Company. Sompo International Insurance's principal place of business is located at 3780 Mansell Road, Suite 400, Alpharetta, GA 30022. Sompo International Insurance can be served through the Commissioner of Insurance.

## JURISDICTION

5. This Court has jurisdiction over this matter in that all parties to the action have complete diversity of citizenship.

6. The entire amount in controversy exceed, exclusive of interest and costs, the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00).

7. This Court has original jurisdiction over the above-styled action pursuant to the provisions of 28 U.S.C. sec. 1332 (a) and (c) and because the defendants are not citizens or residents of the State of Tennessee and because the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00).

## FACTS

8. On or about March 27, 2017, Plaintiff suffered a loss due to a hail storm at the Lexington Inn located at 799 West Church Street, Lexington, Tennessee 38351 (hereinafter referred to as "The Building"). Plaintiff suffered severe damage from the hail storm to The Building. Plaintiff had a policy of insurance pursuant to an insurance contract whereby Defendants agreed to insure The Building against loss and property damage, being Policy number CBP20000183802 (hereinafter referred to as "The Policy"). The Policy is incorporated by reference as if set forth verbatim. The Policy was in full force and effect from November 15,

2016 through November 15, 2017.  Plaintiff hired Assignee to investigate the loss and Plaintiff gave an Assignment for Benefits under The Policy.  Assignee therefore stands in the shoes of Plaintiff as it relates to the payment of the loss under The Policy.

9. The Policy provided for insurance coverage for direct physical loss of or damage to The Building.

10. The Policy is an "all risk" policy, which means that it provides insurance coverage for all direct physical loss of or damage to covered property unless the loss is specifically excluded or limited by the policy.

11. The Policy's coverage for The Building was on a "replacement cost" valuation basis, which means that coverage is provided on a replacement cost basis without deduction for depreciation.

12. Pursuant to The Policy and at all times relevant to this Complaint, Plaintiff paid a premium to Defendants in exchange for insurance coverage as set forth in The Policy.  Plaintiff paid the required premiums at all times relevant to this Complaint.

13. Defendants have refused to pay and perform under the provisions of The Policy after Plaintiff performed all conditions precedent necessary to trigger the duties and obligations of the Defendants pursuant to the aforestated contract.

14. The hail damage is covered by The Policy and should have covered the damage to The Building.  Because of Defendants' failure to perform, Plaintiff has suffered losses.

15. Prior to the loss, The Building was well maintained and in good condition in order to maintain a quality environment for its patrons.  There were no visible signs of any deficiencies or system failures and this is the type of loss that is consistent with hail damage.

16. Plaintff took immediate steps to mitigate its losses and promptly reported the loss to the Defendants.

17.     The Policy was in full force and effect at the time of the loss and the loss is a compensable claim under the terms of The Policy.  As it relates to the loss, there is no applicable exclusion.

18.     After the loss, Plaintiff fulfilled all dutes imposed upon it by The Policy.

19.     Defendants have refused to pay Plaintiff's claim associated with the loss.

20.     There is no reasonable coverage dispute or other justifiable reason for Defendants' refusal to timely pay Plaintiff's claim.  Defendants' refusal to timely pay Plaintiff the amount owed pursuant to The Policy is without justification.

21.     As a direct and proximate cause of Defendants' actions/in-actions, Plaintiff has sustained substantial compensable losses

## CAUSES OF ACTION

22.     The allegations contained in paragraphs 1-21 of this Complaint are incorporated herein by reference, as if set forth verbatim.

## BREACH OF CONTRACT

23.     The policy of insurance is a binding contract and is supported by valid consideration.

24.     Defendants are in total and complete material breach of the policy and Defendants are liable to Plaintiff under The Policy for the damage to The Building.  Specifically, Defendants breached its contract with Plaintiff by their failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the damage to The Building as required by the terms of The Policy.

25.     As a result of Defendants' breach of contract, Plaintiff has sustained substantial compensable losses for the amount claimed under The Policy, including but not limited to the

4

replacement cost of the damage to The Building and temporary repairs, as well as consequential damages, plus interest thereon.

26. Defendants' actions and breaches have further caused Plaintiff great and substantial harm as Plaintiff has been unable to replace much of the damage to The Building. This financial hardship was caused by the Defendants and this is a direct and proximate result of Defendants' failure to pay Plaintiff the proper amounts as required by The Policy.

27. Plaintiff has mitigated its losses to the extent possible and Defendants are liable to Plaintiff for its losses.

28. Defendants' breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256, 276 (Tenn. Ct. App. Oct. 31, 2013). Specifically, Defendants intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) refused and failed to obtain all reasonably available information before denying Plaintiff's claim; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; (6) failed to treat Plaintiff's interests equal to that of its own; (7) failed to promptly provide Plaintiff with a reasonable explanation for its refusal to fully pay their claim; (8) failed to pay all amounts due and owing under the policy with no reasonable or justifiable basis; (9) made vague references that it would offer Plainiff substantially less than the amount actually owed in an effort to deprive Plaintiff of its rights under the policy; (10) utilized biased "experts" that were outcome driven toward avoiding coverage; (11) engaged in such other acts toward Plaintiff that amount to acts of

baseness, vileness, and/or depravity that are contrary to the duties owed to Plaintiff; and (12) fabricated defenses in a blatant and obvious effort to deprive Plaintiff of the amounts due per the policy.  Defendants knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due them under the terms of the policy.  Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendants consciously refused to fully compensate Plaintiff for its losses and withheld monies and benefits rightfully due them.  In so acting, Defendants intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished.  Plaintiff seeks, and is entitled to, punitive damages.

## STATUTORY BAD FAITH

29.     Defendants' refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Defendants and full payment has not been made for the damage to The Building as required pursuant to the policy for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

30.     The bad faith of Defendants is evidenced by the fact that, at all times material hereto, Defendants knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due them under the terms of the policy and as otherwise promised and represented by Defendants, as well as actions of Defendants as set forth in paragraph 31 below and 28 above.  Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendants consciously refused to pay in full Plaintiff's valid claim and withheld monies and benefits rightfully due to Plaintiff.

31. Defendants' bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

   a. Defendants' intentional failure to fully inform Plaintiff of its rights and obligations under the policy;

   b. Defendants' intentional failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when liability was reasonably clear;

   c. Defendants' intentional refusal to pay Plaintiff's claim in full and to otherwise honor its obligations under the policy without conducting a reasonable investigation based on all available information;

   d. Defendants' intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it had no further obligations to Plaintiff;

   e. Defendants' failure to promptly provide Plaintiff with a reasonable and accurate explanation for its refusal to pay their claim in full;

   f. Defendants' intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff for its losses;

   g. Defendants' intentional failure to pay all amounts due and owing to Plaintiff under the policy with no reasonable or justifiable basis; and

   h. Defendants' unjustified refusal to pay Plaintiff's claim for its own financial preservation.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff would request that proper process be issued and served on Defendants requiring a timely answer and this Court award a Judgment against Defendant as follows:

1. For compensatory damages not to exceed $500,000.00.

2. For punitive damages not to exceed $500,000.00 or the maximum allowed by law.

3. For a statutory bad faith penalty of twenty-five percent (25%).

4. For reasonable attorney fees as provided for by the policy, if any.

5. For pre and post judgment interest and costs for this cause.

6. For a jury to try this matter.

7. For such other further and general relief as this Court deems just and equitable.

Respectfully Submitted,

s/Randall N. Songstad_____
Randall N. Songstad BPR # 18442
2438 Eagleridge Ln
Cordova, Tennessee 38016
(901) 870-5500